**Milford Wendell POSEY, Jr. et al., Plaintiffs,**

**v.**

**UNION CARBIDE CORPORATION et al., Defendants.**

**UNION CARBIDE CORPORATION, Defendant and Third-Party Plaintiff,**

**v.**

**UNITED STATES FIDELITY AND GUARANTY COMPANY, Fidelity & Guaranty Insurance Underwriters, Inc., and First State Insurance Company, Third-Party Defendants.**

No. 78–1035.

United States District Court,
M. D. Tennessee,
Columbia Division.

Dec. 30, 1980.

Hugh T. Shelton, Jr. and James T. DuBois, Columbia, Tenn., for third-party plaintiff and defendant Union Carbide.

John K. Maddin, Jr. and James E. Zwickel, Nashville, Tenn., for third-party defendant First State Ins. Co.

William S. Fleming, Columbia, Tenn., for third-party defendant USF&G.

Frank K. Dale, Columbia, Tenn., for defendant and third-party plaintiff, Union Carbide Corp.

## MEMORANDUM

WISEMAN, District Judge.

In this products liability action, third-party defendants, insurors of the unnamed employer of the deceased, move for summary judgment against third-party plaintiff, Union Carbide Corporation [Union Carbide]. The case arises out of the death of Milford Wendell Posey, an employee of Maury Steel, Inc. [Maury Steel], who died while working on the construction of a roof at a Union Carbide plant. The heirs of Posey have sued Union Carbide under various theories and Union Carbide has in turn sued the insurors of Maury Steel for indemnification. Posey's heirs have already recovered workmen's compensation and are thus barred from tort recovery against Maury Steel.

Maury Steel had a liability policy with United States Fidelity and Guaranty Company [USF&G] with a limit of $300,000 for bodily injury; a contract with First State Insurance Company [First State] provided coverage for claims in excess of that amount. This Court's jurisdiction in this case is based on diversity of citizenship and therefore the law that the Court must apply is the law of Tennessee.

Third-party defendant, USF&G, moves for summary judgment because Tennessee Code Annotated section 62–624 makes construction contracts for indemnity void and unenforceable. USF&G also asserts that because Maury Steel is an indispensable party the case should be dismissed. The other third-party defendant, First State, also relies on section 62–624, as well as assertions concerning lack of proper notice.

Third-party plaintiff, Union Carbide, argues that it has the rights of an "insured" under the First State policy, that is a third-party beneficiary of the contracts between the insurance companies and Maury Steel, and that the indemnity contract between Maury Steel and Union Carbide requires indemnification by Maury Steel for Union Carbide's negligence.

Summary judgment should not be granted unless no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. The issues before the Court on the summary judgment motions concern construction of three contracts. No factual issues are in dispute.

Union Carbide argues that it is an "Insured" under First State's contract with Maury Steel. The contract provides that an "Insured" is

any person, organization, trustee, or estate to whom or to which the Named Insured [Maury Steel] is obligated by virtue of a written contract to provide insurance such as is afforded by this policy.

Union Carbide points out that Maury Steel is obligated by virtue of a written contract to indemnify Union Carbide for any loss occasioned in any way by the negligence of Union Carbide. The construction contract between Maury Steel and Union Carbide contained a provision that required Maury Steel to

indemnify and hold harmless [Union Carbide] from and against all claims . . ., of every character whatsoever, for bodily injury . . ., including death . . . sustained by any person while on or about the premises of [Union Carbide] if or where such injury . . . and/or death arose out of was in any way connected with the work . . ., whether or not such injury . . . and/or death was caused by, resulted from or was in any way connected with the negligence of [Union Carbide].

By virtue of this clause, Union Carbide says that it is entitled to coverage as an Insured under the contract between First State and Maury Steel.

If the indemnification clause between Union Carbide and Maury Steel were enforceable, Union Carbide's argument might have some merit. Although no Tennessee case addresses the validity of such contractual provisions, Tennessee Code Annotated section 62–624 provides that

A covenant, promise, agreement or understanding in or in connection with

... a contract ... relative to the construction, alteration, repair or maintenance of a building ... purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damaged property caused by or resulting from the sole negligence of the promisee, his agents or employees, or indemnitee, is against public policy and is void and unenforceable.

The quoted portion of the construction contract between Maury Steel and Union Carbide undoubtedly purports to indemnify or hold harmless Union Carbide and therefore is void and unenforceable. A void agreement cannot be called an obligation and therefore Union Carbide is not an insured under First State's contract with Maury Steel. The relevant contractual language is clear and unambiguous, and it matters not whether the terms of art would classify the contract as an indemnity contract or liability contract. The purpose of the contract was to save Union Carbide from any liability for its own negligence. In the construction industry such contracts are null and void pursuant to Tennessee Code Annotated section 62–624. Owners in the construction business are no longer able to contract away liability for their own negligence.

Union Carbide also argues that it is a third-party beneficiary of both insurance companies with Maury Steel because the insurance contracts assume the duty of indemnity under the contract between Union Carbide and Maury Steel. The provisions of section 62–624 render Maury Steel's duty unenforceable and likewise removes Union Carbide from the purview of any third-party beneficiary status.

Simply put, the liability of both insurance companies rests on the liability of Maury Steel. Maury Steel cannot be liable to plaintiff, Posey, under a tort theory because workmen's compensation has already been paid. Tennessee Code Annotated section 50–908 bars recovery once workmen's compensation has been paid under any theory except a contract theory. Union Carbide cannot recover indemnity from Maury Steel under the common-liability, active-passive negligence theory (akin to contribution) because liability of Maury Steel is barred by section 50–908. *Dawn v. Essex Conveyers, Inc.*, 498 F.2d 921 (6th Cir. 1974). Although in most cases Union Carbide could proceed on a contractual theory of indemnity against a party with whom it had so contracted, this case involves a construction contract and section 62–624 clearly abolishes indemnity agreements in construction contracts. In sum, no theory exists for Union Carbide to recover against Maury Steel and as insurors of Maury Steel, neither First State nor USF&G can be required to cover Union Carbide. Therefore, the motions of First State and USF&G for summary judgment are granted.