# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
OCTOBER 6, 2000 Session

## RENTENBACH CONSTRUCTORS, INCORPORATED v. ELI BEN BOWEN, ET AL.

### Direct Appeal from the Chancery Court for Jefferson County
No. 97-039     T.E. Forgety, Jr., Chancellor

### FILED NOVEMBER 13, 2000

### No. E2000-1213-COA-R3-CV

This appeal from the Jefferson County Chancery Court concerns whether the Chancery Court erred in determining that Appellant, Rentenbach Constructors, Incorporated is obligated to indemnify Appellees, Mathews Corporation and Ball Corporation under the terms of a construction contract entered into between Rentenbach and Ball. We reverse the decision of the Chancery Court in this respect and remand for further proceedings, if any, consistent with this opinion. We adjudge costs of the appeal against the Appellees, Ball Corporation and Mathews Corporation.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed in Part; Cause Remanded**

HOUSTON M. GODDARD, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR.,and D. MICHAEL SWINEY, JJ., joined.

Reggie D. Keaton, Knoxville, Tennessee, for the appellant, Rentenbach Constructor, Incorporated.

Johanna J. McGlothlin, Knoxville, Tennessee, for the appellee, Ball Corporation.

John W. Wheeler, Knoxville, Tennessee, for the appellee, Mathews Corporation.

## OPINION

This is an appeal from a declaratory judgment of the Chancery Court of Jefferson County. Plaintiff/Appellant, Rentenbach Constructors, Incorporated contests the Chancellor's ruling that Rentenbach is contractually obligated to indemnify Defendants/Appellees Mathews Corporation and Ball Corporation for defense of personal injury lawsuits filed against them and to indemnify Mathews for any judgment rendered against Mathews in those lawsuits.

Rentenbach, as general contractor, entered into a contract to construct a warehouse for Ball. Under a separate agreement between Ball and Mathews, Mathews consented to provide construction management services in the warehouse construction project.

At Section 14.1 of the contract between Ball and Rentenbach the following indemnity provision is set forth:

> 14.1 Except only such injury or damage as shall have been occasioned by sole gross negligence of the Owner, the Contractor shall be responsible for and indemnify and save and hold harmless the Owner, its agents, Construction Manager, and employees, from and against any and all claims, liens, causes of action, damage, losses, expenses (including attorneys' fees), and liability for injury, sickness, disease or death to any person or persons, whether of not employed by or agent of the Owner, Contractor, sub-contractor or any third party, or for damage to or destruction of any property, tangible or otherwise, including the loss of use resulting therefrom, or for payments and expenses of any expenses of any nature caused or alleged to have been caused by the Owner, Contractor, or subcontractors, their agents or employees, in connection with Work to be performed herein or incidental to extension of Work to be performed herein by the Contractor, its agents or employees, or any of its sub-contractors, their agents or employees, and without regard to whether any ladders, scaffolds, or other equipment or property belonging to the Owner are used in connection with such Work. In any and all claims against the Owner or any of its agents or employees by any employee of the Contractor, any sub-contractor, anyone directly or indirectly employed by any of them or anyone for whose acts any of them may be liable, the indemnification obligation of this paragraph shall not be limited in any way by any limitation on the amount or type of damages, compensation or benefits payable by or for the Contractor or any sub-contractor under workmen's compensation acts, disability benefit acts or other employee benefit acts.

An additional indemnity provision at Section 3.18.1 of the General Conditions of the contract states:

> 3.18.1 To the fullest extent permitted by law, the Contractor shall indemnify and hold harmless the Owner & Construction Manager, Construction Manager's consultants, and agents and employees of any of them from and against claims, damages, losses and expenses, including but not limited to attorneys' fees, arising out of or resulting from performance of the Work, provided that such claim, damage, loss or expense is attributable to bodily injury, sickness, disease or death, or to injury to or destruction of tangible property (other than the Work itself) including loss of use resulting therefrom , but only to the extent caused in whole or in part by the negligent acts or omissions of the Contractor, a Subcontractor,

anyone directly or indirectly employed by them or anyone for whose acts they may be liable, regardless of whether or not such claim, damage, loss or expense is caused in part by a party indemnified hereunder. Such obligation shall not be construed to negate, abridge or reduce other rights or obligations of indemnity which would otherwise exist as to a party or persons described in this Paragraph 3.18.

In the course of construction, on January 20, 1996 the warehouse collapsed, injuring seven employees of one of Rentenbach's subcontractors. These employees then filed personal injury lawsuits in the Jefferson County Circuit Court against Rentenbach, Ball, Mathews and others. Ball was, thereafter, voluntarily dismissed from the Circuit Court lawsuits.

On April 11, 1997 Rentenbach filed a complaint for declaratory judgment in the Chancery Court for Jefferson County. In it's complaint Rentenbach sought a judgment declaring the indemnity provision at Section 14.1 of the contract to be void and unenforceable under T.C.A. 62-6-123 and relieving Rentenbach of any legal duty to indemnify Ball and Mathews for losses sustained by them as a consequence of the Circuit Court lawsuits.

By judgment entered October 11, 1999 the Chancellor decreed that, to the extent of the contract insurance limits, the indemnity provision at Section 14.1 of the contract was not void under T.C.A. 62-6-123, that Rentenbach owed Mathews indemnification for defense of the Circuit Court actions and that Rentenbach owed Mathews indemnification for any judgment rendered within the purview of section 14.1. The Chancellor further decreed that 3.18.1 of the General Conditions of the contract was in conflict with Section 14.1 and was, therefore, invalid.

The following issues, which we restate, are presented for appeal:

I. Whether the indemnity provision at Section 14.1 of the contract is void and unenforceable under T.C.A. 62-6-123.

II. Whether the indemnity provision at Section 14.1 of the contract, though void and unenforceable under T.C.A. 62-6-123, is validated by insurance requirements under the contract.

III. Whether the indemnity provision at Section 3.18.1 of the General Conditions of the contract is valid and enforceable even though Section 14.1 is void and unenforceable.

As mandated by Rule 13(d) of the Tennessee Rules of Appellate Procedure, our standard of review in this non-jury case is de novo upon the Trial Court record with a presumption of correctness as to findings of fact by the Trial Court. There is no such presumption as to findings of law. *Campbell v. Florida Steel Corporation,* 919 S.W.2d 26, (Tenn. 1996). The case sub judice involves questions of contract interpretation which are questions of law.

Tennessee's anti-indemnification statute which applies to construction contracts is set forth at T.C.A. 62-6-123 and states:

> A covenant, promise, agreement or understanding in or in connection with or collateral to a contract or agreement relative to the construction, alteration, repair or maintenance of a building, structure, appurtenance and appliance, including moving, demolition and excavating connected therewith, purporting to indemnify or hold harmless the promisee against liability for damages arising out of bodily injury to persons or damage to property caused by or resulting from the sole negligence of the promisee, the promisee's agents or employees, or indemnitee, is against public policy and is void and unenforceable.

We construe the indemnity provision at Section 14.1 under the doctrine *inclusio unius est exclusio alterius*. Section 14.1 indemnifies Ball, promisee and 'Owner' under the contract, for losses 'except only such injury or damage as shall have been occasioned by sole gross negligence of the Owner'. The specific designation of 'sole gross negligence' as the only exception to indemnification of the promisee Ball leads us to the necessary conclusion that sole simple negligence is not so excepted and that Section 14.1, therefore, expresses a clear intent to indemnify for loss occasioned by Ball's sole simple negligence. An indemnity provision in a construction contract which purports to indemnify a promisee for the sole negligence of the promisee is void and unenforceable under T.C.A. 62-6-123. *Posey v. Union Carbide Corp.,* 507 F.Supp. 39 (M.D. Tenn. 1980). Accordingly, we find the indemnity provision at Section 14.1 to be void and unenforceable.

We are not persuaded by Mathews' argument that, even if Section 14.1 is void and unenforceable as to Ball, it is enforceable as to Mathews. As decreed in the Chancellor's judgment, Mathews is a third party beneficiary of the contract between Ball and Rentenbach. As a third party beneficiary, Mathews rights under Section 14.1 do not exceed the rights of Ball. A third party beneficiary's rights under a contract are derived from and measured by the underlying contract between the original promisor and promisee. *Michael J. Linehan v. Allstate Insurance Company,* 1994 WL 164113 (Tenn. Ct. App.). Section 14.1 is void and unenforceable as between Ball and Rentenbach; therefore, it is also void and unenforceable as to Mathews.

Ball requests that we rewrite Section 14.1 to make it valid and enforceable under T.C.A. 62-6-123 by striking the word 'gross'. This we decline to do. Ball drafted Section 14.1 and had the opportunity to draft it in compliance with the statute. A contract must be enforced as written even though it contains terms which might be found to be harsh and unjust. *Frank Rudy Heirs Associates v. Sholodge, Inc.* 967 S.W.2d 810 (Tenn. Ct. App.1987).

Alternatively, Ball suggests that we create a judicial exception to the effect that T.C.A. 62-2-123 will not void an indemnity provision where there are no allegations of sole negligence against the party seeking indemnification and where that party has been voluntarily dismissed from the lawsuit for which it seeks defense cost indemnification. Case law in Tennessee provides that it is improper for the courts to alter or amend a statute. *Gleaves V. Checker Cab Transit Corproation,Inc.*,15 S.W.

3d 799.  If there are to be any exceptions to T.C.A. 62-6-123 those exceptions will have to be created by the legislature, not by the courts.

Our review of the Trial Court record in this case persuades us that the Chancellor found an overriding intent to indemnify Ball and Mathews by reason of the fact that the contract requires Rentenbach to carry liability insurance endorsed to cover any indemnity agreements in the contract. The Chancellor determined that T.C.A. 62-6-123 was not intended to invalidate an agreement to obtain insurance to  indemnify and concluded that, to the extent of the insurance limits set forth in the contract, the indemnity provision at Section 14.1 is valid and enforceable.  In essence, the Chancellor found that the insurance requirements of the contract validate what would have, otherwise, been a void and unenforceable provision.  We respectfully disagree.

The insurance coverage which Rentenbach is required to maintain under the contract does not extend beyond Rentenbach's own liability.  Since the indemnity provision at Section 14.1 is primarily void and unenforceable under T.C.A. 62-6-123, Rentenbach is not liable for indemnification and the insurance does not come into play.  We find that Rentenbach' duty to carry liability insurance has no bearing on the validity and enforceability of  Section 14.1.

Finally, Mathews and Ball contend that, even if the indemnity provision at Section 14.1 is void and unenforceable, Rentenbach still has an obligation to indemnify them under Section 3.18.1 of the General Conditions of the contract.

The indemnity provision at Section 14.1 is contained within the signed agreement between Ball and Rentenbach.  Section 3.18.1 is part of the General Conditions contained within the Specifications for the construction project.  Pursuant to Section 1.1.1 of the General Conditions, the Contract Document which makes up the construction contract in this case includes the Specifications and the agreement signed by Ball and Rentenbach.  The following statement is set forth on a page of the Specifications:

> The form of agreement between contractor and Owner shall take precedence over
> any other terms and conditions of these specifications.

As stated, the indemnity provision at Section 14.1 provides that Ball will be indemnified for Ball's sole negligence.  The indemnity provision at Section 3.18.1 provides that Ball not be indemnified for Ball's sole negligence , but will only be indemnified to the extent that the loss secured against is caused ' in whole or in part by negligent acts or omissions of the Contractor, a Subcontractor, [or] anyone directly or indirectly employed by them or anyone for whose acts they may be liable...'

Ball cannot be allowed indemnification for it's sole negligence and, at the same time be denied indemnification for it's sole negligence.  Accordingly, we agree with the Chancellor's holding that Section 3.18.1 is in conflict with Section 14.1 and Section 3.18.1 is, therefore, invalidated, Section 14.1 taking precedence under the contract.

For the foregoing reasons, we reverse the judgment of the Chancellor with respect to the validity and enforceability of the indemnity provision at Section 14.1 of the contract between Ball and Rentenbach. We further reverse the Chancellor's judgment with respect to Rentenbach's obligation to indemnify Mathews and Ball for their defense of the Circuit Court lawsuits filed against them and with respect to Rentenbach's obligation to indemnify Mathews for any judgment rendered in those lawsuits. We remand for such further proceedings, if any, as may be necessary consistent with this opinion and collection of costs below. We adjudge costs of appeal against Appellees, Mathews Corporation and Ball Corporation.

_____
HOUSTON M. GODDARD, PRESIDING JUDGE